The opinion of the Court was now delivered by
Smith, C. J.
After stating the pleadings, he said: The matter bar is, that the creditor has neglected to exhibit this demand against the estate of Benjamin Leavitt, deceased, to the executor, within three years next after proving the will; the consequence of which, by the statute, is, that the debt is extinguished, and the creditor totally barred from recovering the same. N. H. Laws, ed. 1805, 175. The necessity for *131 exhibiting is attempted to be avoided by showing that the creditor died within the time limited. Now the statute contains no saving on this account. It only allows to persons in captivity one year after the impediment is removed. It is not necessary to say whether the statute is wise or unwise; whether good or bad. It would be too much in the Court to allow a saving where the statute has allowed- none. There certainly are many good reasons why demands against the estates of deceased persons should, in a short period of time, be exhibited to the executor. I am not prepared to say that three years is too long. When the insolvent course of administration is pursued, demands may be barred in six months, and must be so in eighteen months from the issuing of the commission, which will generally be within three years from administration granted.
Cary and wife v. Stephenson, 2 Salk. 421, has been cited and relied on by the plaintiff’s counsel. The case was: A. received money belonging to the estate of an intestate, after his death. The administrator afterwards appointed sued him for it within six years from administration granted, but beyond six years from the time when the money was received. The Statute of Limitations was pleaded; that is, that the defendant did not promise within six years; the cause of action did not accrue within six years. It was adjudged no bar. The cause of action first accrued on administration granted. How could defendant be said to have promised an administrator till one was appointed ? There was no cause of action in the intestate; there could have been no promise to him. This case is more correctly stated in a note in 4 G. Bacon, 479. It is there said that the statute begins to operate only from the time a right to demand the thing in question vests in some one. Had the money been received in the lifetime of the person who died intestate, that person would have had a right of action against A. vested in him, and from that period the time of limitation would have commenced, and the statute would have been a bar; for, when once the time of limitation has begun to run, it suffers no interruption from the death of the claimant; nor does it revive in favor of any person upon whom the right of *132 claim may devolve. 1 Strange, 556 : 1 Wilson, 134. If Samuel Phillips had been dead when the will was proved, and no representative appointed, there would be a resemblance in the cases; but, as this case is, the case cited is an authority for the defendant. But the general limitation law and the one now under consideration are very different, and the same rules of construction do not apply to both.
There is provision in England, by construction of the general law of limitation, that, in case the statute begins to run, and the creditor die, in some cases his representative may sue after the period has elapsed; but he must do it soon, as early as he can. 4 G. Bacon, 483; Com. Dig. Temps (g. 17).
Our statute has made this matter certain. The representative shall have two years from the time of his becoming such, to prosecute, when the deceased had cause of action at his death. N. H. Laws, ed. 1805, 139. But this doctrine of the English courts and of our statute will apply only to the general limitation law, and not to demands against the estates of deceased persons; i. e., to the commencement of actions, not to the exhibiting of claims.[1] And even if it did apply, it would not support this replication, which claims the right of exhibiting within three years, instead of two. There is no room for construction in this case; there is no saving in the statute, except for persons in captivity. Creditors abroad will generally have agents here. Persons deceased will generally have representatives. Insane persons will have guardians.

Judgment for the defendant.

 In Brewster v. Brewster, 1872, 52 N. H. 52, it was held, that the above-cited statute modifies the statute which limits actions against administrators to three years.